UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLUE SOBENES, | ) |
| Plaintiff, | ) Case No. 19-CV-7114 |
| v. | ) Judge John Robert Blakey |
| TRANSUNION DATA SOLUTIONS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Blue Sobenes sued three credit reporting agencies—Experian Information Solutions, Inc.; Equifax Information Services, LLC; and TransUnion Data Solutions LLC—for violation of the Fair Credit Reporting Act ("FCRA"). [1]. Plaintiff voluntarily dismissed her claims against Experian and Equifax, *see* [39], [40], [42], leaving Trans Union as the sole Defendant. Trans Union now moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), [44]. For the reasons explained below, this Court grants Trans Union's motion.

## Factual and Procedural History

Plaintiff charged goods and services on a credit card issued to her by Comenity Bank. [1] at ¶ 10. Effective September 9, 2016, Comenity Bank sold its interest in charged off accounts, including Plaintiff's account, to Midland Funding LLC (Midland). [1-1] at 8–10. On April 18, 2018, Midland sued Plaintiff in Cook County Circuit Court to collect the Comenity Bank debt. [1] at ¶ 12. Plaintiff disputed the debt and litigated the state court lawsuit, ultimately seeking arbitration of the matter. *Id.* at ¶ 15. Six days before the scheduled arbitration, on July 18, 2019,

Midland dismissed the state court lawsuit. *Id.* at ¶ 17. But even after dismissing its lawsuit, Midland continued to furnish data regarding the debt to each of the major credit bureaus, including Trans Union. *Id.* at ¶ 18.

On September 17, 2019, Plaintiff, through counsel, advised Trans Union that the information on her credit report concerning the Comenity Bank debt was inaccurate, and she provided supporting documentation, including Midland's motion to dismiss the state court lawsuit without prejudice. *Id.* at ¶ 19; [1-1] at 27–28. Trans Union did not respond to Plaintiff but did, within five days, notify Midland concerning the existence and nature of Plaintiff's dispute. [1] at ¶¶ 92–93. Midland responded via an Automated Consumer Dispute Verification (ACDV), which verified that Plaintiff still owed the debt. [45] at 3. Based upon the ACDV, Trans Union declined to remove the debt from Plaintiff's credit report. *Id.* at 3–4; [1] at ¶ 94. Trans Union continued to report the Comenity Bank debt on Plaintiff's credit report as of at least October 22, 2019. [1] at ¶¶ 20–21, 82–84.

As a result, Plaintiff sued Trans Union on October 29, 2019, alleging that the Comenity Bank debt "lists numerous inaccuracies including a balance of $1,290, status as a 'collection account,' and several notations of delinquency," when, in fact, the account should not be listed at all, as Plaintiff does not owe the debt. *Id.* at ¶¶ 85–86. Plaintiff alleges that, despite the inaccuracies and the invalidity of the debt, Trans Union "disseminated credit reports and/or information that Plaintiff owes the foregoing Account" and that such information "reflects negatively upon Plaintiff, Plaintiff's credit application history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness." *Id.* at ¶¶ 87, 89. Plaintiff alleges that Trans Union

2

"failed to perform reasonable investigations" concerning the disputed debt and failed to remove the inaccurate information from her credit report. *Id.* at ¶¶ 95, 99, 101, 103, 105, 107.

Trans Union now moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that Plaintiff cannot demonstrate any factual inaccuracy in Trans Union's credit reporting. Rather, Trans Union argues, Plaintiff's claim assumes the FCRA required Trans Union to determine the legal validity of Plaintiff's disputed debt, an assumption courts have repeatedly rejected.

## **Legal Standard**

After the "pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). To survive a motion for judgment on the pleadings, a complaint "must state a claim to relief that is plausible on its face." *Denan v. Trans Union LLC*, 959 F.3d 290, 293 (7th Cir. 2020). Plausibility requires more than conclusory statements offering "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, to survive a Rule 12(c) motion, Plaintiff must allege "factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.* In assessing the facial plausibility of Plaintiff's claim, this Court views the facts in the complaint in the light most favorable to Plaintiff and will grant Defendant's motion only if it appears beyond doubt that Plaintiff cannot prove any facts that would support her claim for relief. *Id.*

**Discussion**

Plaintiff alleges that Trans Union failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after Plaintiff advised it of the dispute; failed to consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information; and failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, all in violation of 15 U.S.C. § 1681i(a); she further alleges that Trans Union failed to employ and follow reasonable procedures to assure maximum possible accuracy in Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b). [1] at ¶¶ 82–107.

To state a claim under "either 15 U.S.C. § 1681e(b) or 15 U.S.C. § 1681i(a), a plaintiff must sufficiently allege that the defendant's credit report contains inaccurate information." *Juarez v. Experian Info. Sols., Inc.,* No. 19 C 7705, 2020 WL 5201798, at *3 (N.D. Ill. Aug. 31, 2020). The claimed inaccuracy must be factual, not legal. *Id.* Factually "inaccurate information includes inaccurate amounts, tradeline items not immediately removed once vacated, and inaccurately updated loan terms[,]" whereas "legal inaccuracies include the validity of a debt or a dispute regarding to whom the debt was assigned." *Id.* (quoting *Rodas v. Experian Info. Sols., Inc.*, No. 19-CV-07706, 2020 WL 4226669, at *2 (N.D. Ill. July 23, 2020)).

Plaintiff's allegations fall squarely on the wrong side of this line. Plaintiff does not dispute that she incurred the debt; nor does she dispute the amount of the debt. [53] at 2. Nor does she allege that the debt was ever vacated. Instead, Plaintiff argues that Midland provided insufficient documentation to prove that it owns the Comenity

4

Bank debt. *Id.* at 4. Specifically, she asserts that because the Bill of Sale does not explicitly reference this debt, Midland failed to prove that she owes it. *Id.* But this goes to the validity of Midland's ownership of the debt, not the factual accuracy of the debt itself. As a result, her claim fails. *See Juarez*, 2020 WL 5201798, at *5 ("Juarez's contention that Midland does not own the Debt is not a factual inaccuracy that can subject Experian to liability for Juarez's claims."); *Rodas*, 2020 WL 4226669, at *2 ("Rodas's argument that Midland is not the owner of the alleged debt is a potential legal inaccuracy, not a factual one."); *Hoyos v. Experian Info. Sols., Inc.*, No. 20 C 408, 2020 WL 4748142, at *3 (N.D. Ill. Aug. 17, 2020) ("the question of ownership requires the resolution of complex issues beyond 'the competencies of consumer reporting agencies' and is best left to the courts. Therefore, until such time a court concludes that Midland does not own the Debts, Hoyos cannot pursue claims under § 1681e(b) or § 1681i(a) of the FCRA on the basis that Defendants' report of ownership is inaccurate."); *Molina v. Experian Info. Sols., Inc.*, No. 19 C 7538, 2020 WL 4748149, at *3 (N.D. Ill. Aug. 17, 2020) (same); *Chuluunbat v. Cavalry Portfolio Servs., LLC*, No. 20 C 164, 2020 WL 4208106, at *3 (N.D. Ill. July 22, 2020) ("any inaccuracy relating to the Debt's ownership is a legal inaccuracy and not a factual one.").

In *Denan*, the plaintiffs incurred debts with online payday lenders that extracted exorbitant interest rates, making them in plaintiffs' view void and uncollectible. 959 F.3d at 292–93. Plaintiffs did not sue the lenders, but instead sued Trans Union for posting legally invalid debts. *Id.* at 293. Trans Union moved for judgment on the pleadings, arguing that §§ 1681e(b) and 1681i(a) "impose a duty to transmit factually accurate credit information, not to adjudicate the validity of

disputed debts." *Id.* The district court agreed, *id.*, and the Seventh Circuit affirmed the entry of judgment in Trans Union's favor, *id.* at 298. In so doing, the court first noted that § 1681e(b) "does not explain what it means to be 'inaccurate,' nor does it draw a line between factual and legal 'accuracy.'" *Id.* at 294. The court also noted that although the FCRA requires furnishers to provide accurate information, including information that "correctly [r]eflects . . . liability for the account," *id.* at 295 (quoting 12 C.F.R. § 1022.41(a)), neither the FCRA nor its implementing regulations "impose a comparable duty upon consumer reporting agencies, much less a duty to determine the legality of a disputed debt," *id.* Rather, consumer reporting agencies need only follow "reasonable procedures to assure maximum possible accuracy" when they prepare a credit report. *Id.* at 294–95 (citing 15 U.S.C. § 1681e(b); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)). Absent "an adjudication invalidating plaintiffs' debts," the court held, plaintiffs' § 1681e(b) inaccuracy claim fails. *Id.* at 296. In so holding, the court joined three other circuits in finding that a consumer's defense to a debt must be resolved in a suit against the creditor; resolving such issues is "not a job imposed upon consumer reporting agencies by the FCRA." *Id.* (citations omitted). The same result applies for a claim asserted under § 1681i: inaccurate information under § 1681i means "factually inaccurate information, as consumer reporting agencies are neither qualified nor obligated to resolve legal issues." *Id.*

Plaintiff attempts to characterize her claim as disputing the underlying factual basis for ownership of the debt and not its validity. [53] at 7–9. But Midland's ownership of the debt, even if in dispute (and the documentation ostensibly evidences

6

Midland's ownership of the debt), does not give rise to a factual inaccuracy; rather, this is a defense to the debt, which must be resolved in a lawsuit.

To determine whether a particular dispute is factual or legal, this Court must consider whether Trans Union "could have uncovered the inaccuracy if it had reasonably investigated the issue." *Juarez*, 2020 WL 5201798, at *4 (citing *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008); *Denan*, 959 F.3d at 296, 298). *See also Soyinka v. Equifax Info. Servs., LLC*, No. 20 C 1773, 2020 WL 5530133, at *4 (N.D. Ill. Sept. 15, 2020) ("the key criterion in distinguishing fact from law in the FCRA context is the consumer reporting agency's capacity to resolve a given dispute."). Here, Trans Union could have scoured the state court record and never found a definitive answer to the question of whether Midland had the legal right to pursue Plaintiff's debt. Even if Trans Union had discovered defects in the Bill of Sale between Comenity Bank and Midland, that discovery would not lead to the inexorable conclusion that the debt was patently invalid; rather, the connection between the two would require a legal determination beyond Trans Union's ken (and not imposed on Trans Union by the FCRA).

Plaintiff alleges that, because she disputed the debt, Trans Union should have investigated and removed the entry on her credit report. But Trans Union *did* investigate. And it obtained information and documentation confirming the existence of the debt. Plaintiff's suggestion to the contrary notwithstanding, the state court litigation—even the timing of Midland's dismissal of the case just days before the scheduled arbitration—does not resolve questions regarding the validity of the debt; litigants dismiss their claims every day for varied reasons, some having nothing to

7

do with the merits of their claims. As in *Denan*, because Plaintiff lacks "a formal adjudication voiding [her] debt[], 'a more thorough investigation' would not uncover an inaccuracy" in her credit report. 959 F.3d at 297. Plaintiff has not demonstrated—and cannot demonstrate—that any court determined her Comenity Bank debt to be invalid. And, absent such a showing, Plaintiff's FCRA claim against Trans Union fails.

## **Conclusion**

For the reasons explained above, this Court grants Trans Union's motion for judgment on the pleadings [44] and directs the Clerk to enter judgment in favor of Trans Union and against Plaintiff on Plaintiff's complaint. Civil case terminated.

Dated: January 21, 2021

                                                      Entered:

                                                      _____
                                                      John Robert Blakey
                                                      United States District Judge